CLARENCE E. McMANUS, Judge.
 

 [ ^Plaintiffs originally filed these cumulat-ed actions seeking to recover damages for personal injuries suffered as a result of exposure to radioactive material that accumulated in pipes used in oil production.
 
 In re Harvey Term Litigation
 
 was filed on May 10, 2002, and
 
 Warren Lester, et al v. Exxon Mobil Corp.,
 
 (hereinafter Warren
 
 Lester)
 
 was filed on December 20, 2002, both in Civil District Court for the Parish of Orleans. Class certification of
 
 In Re Harvey Term Litigation
 
 was denied by the Civil District Court on April 14, 2008.
 

 During the pendency of litigation, Civil District Court determined that the plaintiffs would be tried in flights according to pipeline location. A flight of 26 plaintiffs, who were allegedly exposed at the ITCO pipeline at Harvey, Louisiana, were severed and transferred to the 24th Judicial District Court (the instant case) on March 23, 2006.
 

 On February 20, 2009,
 
 Olivia Bailey, et al c. Exxon Mobil Corp.,
 
 et al, a wrongful death action, was filed in Civil District Court. Plaintiffs in that case included Evelyn Gautreaux and Donna Lee Meer-man, who asserted wrongful death claims for their husbands, Murphy Gauthreaux and Leonardus Meerman. On March 16, 2009,
 
 Olivia Bailey, et al c. Exxon Mobil Corp.,
 
 et al was filed in the |424th Judicial District Court, raising the same claims as the
 
 Olivia Bailey
 
 case in Civil District Court.
 

 On April 30, 2009, the trial court in this case granted plaintiffs’ motion for leave to file a “Clarifying and Amending petition,” (hereinafter referred to as Clarifying Petition). Plaintiffs filed their Clarifying Petition into the record on May 5, 2009. This petition raises the same claims by Mrs. Meerman and Mrs. Gauthreaux for the wrongful death of their husband as was raised in the
 
 Olivia Bailey
 
 petition. This petition further raises the claims of Mr. Gauthreaux’s children for his wrongful death.
 

 Thereafter, defendants Exxon Mobil Corporation (Exxon) and ITCO filed exceptions of lis pendens and prescription, addressed to the Clarifying Petition. These exceptions were granted by the trial court. Plaintiffs have appealed from that decision.
 

 In brief, appellee Exxon argues that the appeal should be dismissed as the judgment is not final for purposes of immediate appeal. We have already considered this issue and found that the judgment is a final judgment for purposes of immediate appeal. See
 
 Lester v. Exxon Mobil Corp.,
 
 09-679 (La.App. 5 Cir. 8/17/09) (unpublished writ.)
 

 Initially, we note that the trial court made two threshold determinations that were necessary to the determination of the exceptions before it. First the court considered whether the plaintiffs effectively opted out of the class action by the filing of their petition for damages prior to the court ruling on class certification.
 
 [1]
 
 The court also considered whether the Clarifying Petition would relate back to the original
 
 Warren Lester
 
 petition.
 

 
 *1074
 

 \ .PRESCRIPTION
 

 According to the record before us, Mr. Gauthreaux died in 2002 and Mr. Meerman died in 2003. The Clarifying Petition seeking damages for their wrongful death was filed on May 5, 2009. Thus, it is clear that prescription has long since run unless it was suspended or unless the Clarifying Petition relates back either to the
 
 In re Harvey Term Litigation
 
 or to the Warren
 
 Lester
 
 suits filed in 2002.
 

 The appellants argue that prescription was suspended during the time of the filing of the putative class action,
 
 In re Harvey Term Litigation,
 
 until certification was denied, citing C.C.P. Art. 596. C.C.P. art. 596 provides:
 

 Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
 

 (1) As to any person electing to be excluded from the class, from the submission of that person’s election form;
 

 (2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
 

 (3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.
 

 Prescription under this article is suspended, not interrupted.
 
 Eastin v. Entergy Corp.,
 
 07-212 (La.App. 5 Cir. 10/6/07), 971 So.2d 374.
 

 Exxon argues and the court agreed that plaintiffs’ actions in filing suit before the ruling on class certification operated to exclude the plaintiffs from the class | (¡action, as it operated to “opt out” the plaintiffs from the putative suit.
 
 [2]
 
 In so doing, the court relied on
 
 Katz v. Allstate,
 
 04-1133 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, and
 
 Calvello v. Electronic Data Systems,
 
 2004 WL 941809 (W.D.N.Y.4/15/04), (not reported in F.Supp.2d.).
 

 In
 
 Katz v. Allstate, supra,
 
 the court found that the filing of a class action did not suspend the contractual prescriptive period requiring the filing of suit within one year after incurring damage as a result of a hailstorm. The concurrence in
 
 Katz
 
 stated that:
 

 Allstate cites federal district court cases from various jurisdictions which hold that a plaintiff who files an independent action
 
 before
 
 a determination on class certification has been made cannot benefit from the tolling of prescription applicable to putative class members under federal law. The underlying rationale for this rule, which is that the plaintiff has effectively “opted out” of the class action by filing his own suit, seems to apply to the instant situation as well. (Emphasis added).
 

 The “tolling rule” applicable to class actions was set forth by the United States Supreme Court in the case of
 
 American Pipe & Constr. Co. v. Utah,
 
 414 U.S. 538,
 
 *1075
 
 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). In
 
 American Pipe,
 
 the Court held that “the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status.”
 
 American Pipe,
 
 414 U.S. at 553, 94 S.Ct. 756. The Supreme Court later extended this rule when it considered the issue of whether all members of the putative class should be allowed to file individual actions in the event that class certification is denied, and found that “Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending 17action.”
 
 Crown, Cork & Seal Co. v. Parker,
 
 462 U.S. 345, 354, 103 S.Ct. 2392, 2397-2398, 76 L.Ed.2d 628 (1983). These cases however, did not discuss the issue of whether a plaintiff who files an action before class certification is denied is also entitled to benefit from tolling.
 

 In
 
 Fezzani v. Bear, Stearns & Co., Inc.,
 
 384 F.Supp.2d 618, 632 (S.D.N.Y.5/6/04), the court noted the purpose of the tolling rule:
 

 The Supreme Court crafted its rulings to uphold “the principal purposes of the class-action procedure-promotion of efficiency and economy of litigation.”
 
 Crown, Cork,
 
 462 U.S. at 349, 103 S.Ct. 2392, 76 L.Ed.2d 628. Federal Rule of Civil Procedure 23 was meant to encourage putative class members to allow the named plaintiffs to pursue their claims for them. See
 
 id.
 
 at 350-51, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628. Failing to toll the statute of limitations would force class members to intervene or take other action to protect their rights, and would disenable the efficient function of the class-action system. See
 
 id.
 
 at 350, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628. Thus, tolling the statute of limitations until after a determination on class certification is made means that putative class members are not forced to bring separate suits or seek to intervene in anticipation of certification being denied.
 

 The court then determined that allowing a plaintiff who has filed a claim prior to a ruling on class certification does not promote the rationale behind the tolling rule:
 

 Tolling the statute of limitations for those individuals who file separate suits before class certification is determined does nothing to promote judicial efficiency. Instead, holding as Plaintiffs urge the Court to do would simply allow putative class members the benefits of the American Pipe doctrine free of the concomitant burden; that is, Plaintiffs here could rely on the class action plaintiffs without having to put their faith in the class representatives to adjudicate their rights. At page 632-633.
 

 In
 
 Puttick v. America Online, Inc.,
 
 2007 WL 1522612 (S.D.N.Y.5/23/07) (not reported in F.Supp.2d), the court noted that “The majority of courts to address this issue have concluded that the policy underlying class action tolling mitigates against applying the tolling rule prior to the class certification stage.” (See citations listed therein.) The court then noted that although it was not bound by the majority position as stated, “The Court finds much of the reasoning for that 18position persuasive and joins those courts in holding that a plaintiff filing an individual action may not benefit from class action tolling if he files suit prior to a decision on class certification.” At page 3.
 

 In
 
 Calvello v. Electronic Data Systems, supra,
 
 cited by plaintiffs herein, the court considered the
 
 American Pipe
 
 case
 
 *1076
 
 and found that its rationale is that class actions are designed to avoid, no encourage, repetitious filings, and that putative class members should not be punished for waiting to file an action, relying (whether knowingly or not) on the class litigation, only to find out after the time limitations for their independent actions had expired, that the class was not certified. The court further considered, however, that “a plaintiff who chooses to file an independent action without waiting for the determination of class certification is not entitled to enjoy the benefit of the tolling rule [of American Pipe.]”
 
 Calvello,
 
 at page *4. When a plaintiff files a petition while the issue of class certification is still open, that plaintiff waives the toll [of prescription] that the pending class certification created.
 
 Id.
 
 “Applying the tolling doctrine to separate actions filed prior to class certification would create the very inefficiency that
 
 American Pipe
 
 sought to prevent.” Id. at page 4. See also
 
 In re Enron,
 
 465 F.Supp.2d 687 (S.D.Tex.12/8/06).
 

 Louisiana’s tolling provision has been codified. See LSA-C.C.P. art. 596, cited supra. Louisiana’s tolling provision likewise does not specifically address those persons who opt out of a class action by the filing of an independent suit before a ruling on class certification.
 
 [3]
 
 We find the rationale set forth in
 
 Fezzani, \JPuttick
 
 and
 
 Calvello
 
 to be applicable, and therefore we apply it to the instant case. In this case the plaintiffs, by filing the
 
 Warren Lester
 
 case prior to a ruling on class certification, in the
 
 In Re Harvey Term Litigation
 
 opted out of the class action suit, and therefore the pendency of that suit did not serve to suspend prescription.
 

 Second, plaintiffs allege that the Clarifying Petition relates back to the filing of the
 
 Warren Lester
 
 suit, pursuant to LSA-C.C.P. art. 1153, and therefore the action is not prescribed.
 

 The record reflects that Mr. Meerman died on December 7, 2002. Mr. Gau-threaux died on July 30, 2003. Therefore, barring any suspension or interruption of prescription, the claims for wrongful death prescribed on December 7, 2003 and July 30, 2004. The Clarifying Petition was filed on April 30, 2009, over six years later. Unless the Clarifying Petition related back to the original
 
 Warren Lester
 
 petition filed on December 20, 2002, it is clearly prescribed.
 

 LSA-C.C.P. art. 1153 provides that “When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition.” LSA-C.C.P. art. 1155 states “The court, on motion of a party, upon reasonable notice and upon such
 
 *1077
 
 terms as are just, may permit mover to file a supplemental petition or answer setting forth items of damage, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein.”
 

 A supplemental pleading differs from an amended pleading in that an amended pleading involves matters which occurred before the original complaint was filed and which were either overlooked by the pleader or were unknown to him at the time, while a supplemental pleading |incovers issues or causes of action which have arisen since the filing of the original petition, which relate to the issues or actions contained in the original petition. New defendants and new plaintiffs may be added by supplemental and amended pleadings if the applicable criteria are met. In some instances, even new causes of action may be asserted in supplemental and amended pleadings.
 

 Gaines v. Bruscato,
 
 30,340, (La.App. 2 Cir. 4/8/98); 712 So.2d 552, 557-558,
 
 writ den.
 
 98-1272 (La.6/26/98); 719 So.2d 1059.
 

 In
 
 Giroir v. South Louisiana Medical Center, Div. of Hospitals,
 
 475 So.2d 1040 (La.1985), the court held that
 

 ... an amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.
 

 In the
 
 Giroir
 
 case, the court found that the addition of two major children would relate back to a surviving spouse’s survival action and wrongful death action (against several physicians and the Medical Center). The court found that the actions filed by the children arose from the same conduct, transaction, or occurrence which resulted in the mother’s death that was set forth in the original pleading. The court further found that defendants knew of or should have known of the existence of the major children In addition, the court considered that the amending petition was filed only ten days after the original petition. See
 
 Giroir, supra,
 
 at page 1045.
 

 In this case, the
 
 Warren Lester
 
 petition names as plaintiffs Mr. Meerman and Mr. Gauthreaux, and seeks damages for “physical injuries and disease” arising out of the conduct of the defendants. The Clarifying Petition seeks to add four new plaintiffs, Mrs. Meerman, Mrs. Gauthreaux, and the two surviving children of Mr. Gauthreaux. It further seeks to assert new claims for damages, namely survivor actions and wrongful death actions. Finally, the Clarifying Petition was filed approximately six and one-half years after the original petition.
 

 While some of the factors of the
 
 Giroir
 
 test may have been met, we find that the trial court did not err in ruling that the actions set forth in the Clarifying Petition has prescribed. The plaintiffs have asserted that defendants either knew of or should have known of the defendants through discovery responses. While it is true that the claims asserted in both the original petition and the Clarifying Petition arise out of exposure to radioactive material, the original Warren
 
 Lester
 
 petition sets forth a claim for damages for physical injury, while the Clarifying Petition seeks damages for wrongful death. Finally, the passage of time in this matter
 
 *1078
 
 leads to a finding that the fourth factor of
 
 Giroir
 
 is not met, in that it would prejudice the defendants in the preparation of a defense.
 

 In
 
 Baton Rouge Ass’n of School Employees v. East Baton Rouge Parish School Bd.,
 
 98-0526 (La.App. 1 Cir. 4/1/99), 729 So.2d 1154,
 
 writ denied,
 
 99-1278 (La.7/2/99), 747 So.2d 19, the court considered whether an amending petition adding a new plaintiff (Sarah Williams), related back to the original petition filed almost three years pervious and found that it did not. In that case, several school board employees filed suit alleging discriminatory budget cuts and seeking class action certification. In February of 1994, the trial court denied class action certification. On May 1, 1996, Sarah Williams sought to be added as a plaintiff by an amending petition. The trial court granted defendant’s exception of prescription to that amending petition.
 

 On appeal, the court considered the factors of
 
 Giroir
 
 and noted that while the first three factors of the
 
 Giroir
 
 test had been met, the plaintiff did not meet the fourth factor because the passage of time would prejudice the defendant in conducting its defense. The court stated that:
 

 |lgWe note that the court in
 
 Giroir
 
 did not place any time limits on the relation back of an amended pleading. Generally, a defendant is more likely to be prejudiced by the addition of a wholly new cause of action than by the addition of a new plaintiff asserting the same claim the defendant is prepared to defend against. See
 
 Giroir,
 
 475 So.2d at 1045. However, the passage of time between the filing of the original petition and the amended petition will generally weigh against the relating back of the amendment. See
 
 Giroir,
 
 475 So.2d at 1045.
 

 Although Sarah Williams presents the same claims as the original and timely amended plaintiffs, we agree with the approach of the court in
 
 Phillips v. Palumbo,
 
 94-1323, pp. 4-5 (La.App. 4th Cir.12/15/94), 648 So.2d 40, 42, which found that at some point the passage of time becomes a factor. The court in
 
 Phillips
 
 noted that the passage of over two years between the filing of the plaintiffs original petition and the addition of his spouse’s claim for loss of consortium weighed against the relation back of the spouse’s claim.
 
 Phillips,
 
 648 So.2d at 42.
 

 In this case, the passage of over six years, combined with the addition of new plaintiffs and new causes of action, mandates a finding that the Clarifying Petition did not relate back to the original petition. Accordingly we find that the trial court did not err in granting the exception of prescription to the Clarifying Petition filed by Mrs. Meerman, Mrs. Gauthreaux and the two major children.
 

 LIS PENDENS
 

 The trial court also granted the exception of lis pendens, LSA-C.C.P. art. 531, filed by Exxon Mobile, addressed to the claims of Evelyn Gauthreaux and Donna Meerman, surviving spouses. In that exception, Exxon requested that the trial court dismiss the Clarifying Petition as to Mrs. Gauthreaux and Meerman, as they raised the same causes in the
 
 Olivia Bailey
 
 case. The children of Murphy Gau-treaux were not named in the
 
 Olivia Bailey
 
 case, and therefore the exception of lis pendens was not urged as to them claims. The
 
 Olivia Bailey
 
 suit was filed almost two months before the Clarifying Petition, and that suit was still pending, at the time of the hearing on the exception of lis pen-dens. Because we have found that the clarifying petition did not relate back to the filing of the
 
 Warren Lester
 
 petition for
 
 *1079
 
 purposes of prescription, this court could also determine that the trial |1scourt did not err in finding that the Clarifying Petition did not relate back for purpose of the exception of lis pendens. However, we need not reach this issue because we find that the trial court did not err in ruling that the causes of action set forth in the Clarifying Petition were prescribed.
 

 For the above discussed reasons, the trial court’s judgment maintaining Exxon and ITCO’s exception of prescription and dismissing appellants’ wrongful death claims for the deaths of Leo Meerman and Murphy Gauthreaux is affirmed. All costs are assessed against appellants.
 

 AFFIRMED.
 

 [1]
 

 . To the extent that the actions at issue are original actions by the respective spouses and children who were not named in the class action petition, this issue is moot. This issue is discussed to determine suspension of prescription to the extent that these actions are derivative actions from the decedents who were named in the class action petition.
 

 [2]
 

 . Of interest, although not binding on this court, we have observed that in the judgment denying class certification in the
 
 In re Harvey
 
 litigation in Civil District Court, the trial judge noted that the plaintiffs in
 
 Warren Lester
 
 had opted out of the class action by filing their own suit.
 

 [3]
 

 . Plaintiffs rely on
 
 Crooks v. LCS Corrections Services, Inc.
 
 07-1901, 07-1902 (La.App. 1 Cir. 8/21/08), 994 So.2d 101,
 
 writ denied,
 
 08-2560, 08-2561 (La. 1/9/09), 998 So.2d 725, 726, for their argument that the filing of a separate action prior to the ruling on class certification did not constitute an opting out of the class. In
 
 Crooks,
 
 a former inmate filed suit for alleged exposure to toxic substances due to defendants’ failure to evacuate him and other inmates following a train derailment. Crooks did not timely move to certify the class, and on motion of defendant his class action request was stricken. His petition was then amended to join 495 additional inmates as plaintiffs. Thereafter, the trial court consolidated Crooks’ suit with a class action suit filed by another inmate (Spell-man). After the denial of defendants' exception of res judicata, the trial court certified the class, naming Crooks as the sole representative of the class. Defendants appealed from the judgment certifying the class. On appeal, the court found that the trial court did not err in finding that the requirements for class certification were met. The issue of prescription was not raised. It is noted by this court that the individual suit filed by Crooks was timely.