PEATROSS, J.
 

 | plaintiffs, David Bates, d/b/a Bates Construction (“Bates”), and Classic Homes of Louisiana, Inc. (“Classic Homes”), filed suit in 2002 against Defendant, the City of Shreveport (“the City”), for an alleged unconstitutional taking without just compensation. More than eight years later, the matter was set for trial and the City filed an exception of no right of action to the claims of Classic Homes and Bates who, subsequently, filed a supplemental and amended petition adding Mark Yawn as a plaintiff in the suit. The City then filed an exception of prescription to the claims of Mr. Yawn. The trial judge granted the City’s exception of no right of action to the claims of Classic Homes and Bates, as well as the City’s exception of prescription to the claims of Mr. Yawn.
 

 Bates and Classic Homes appeal from the trial judge’s ruling granting the City’s exception of prescription to Mr. Yawn’s claims. For the reasons set forth herein, we affirm.
 

 FACTS
 

 In 1997, Mark Yawn and Christopher Barnette purchased property in an area called the Juniper Place Subdivision (“the subdivision”) for the purposes of residential neighborhood development. Part of the subdivision, including Lot 47,
 
 [1]
 
 is bordered by a drainage ditch that is owned and maintained by the City. In 1998, Mr. Yawn and Mr. Barnette sold Lot 47 of the subdivision to Mr. Barnette’s company, Barnette Properties, Inc.
 

 In 1999, after a portion of the subdivision that was bordered by the drainage ditch was developed, Mr. Barnette filed a
 
 *1207
 
 complaint with the City 12because residents in that area had indicated that there were erosion problems along their property lines that were causing damage and property loss. The City hired private engineers to evaluate and determine the cause of the erosion problems and ultimately concluded that the erosion had been caused by the construction on the property. The City then attempted to negotiate with Mr. Barnette in an effort to have him pay the cost of securing the ditch from further potential erosion problems. Mr. Barnette refused and the City filed suit. The two were ultimately able to reach a settlement.
 

 Then in 2000, Mr. Yawn repurchased Lot 47 from Barnette Properties, Inc. In 2001, Mr. Yawn hired Bates Construction to build a home on Lot 47 at 164 Arbor Lane in Shreveport, Louisiana. At that time, Lot 47 was flagged by the City due to the prior construction on the property that had caused slope failure and subsequent damage to the drainage ditch and the bordering lots. The flag required anyone applying for a permit to build on Lot 47 to submit an erosion control plan.
 

 In December 2001, Bates obtained a permit from the City to build on the property without submitting an erosion control plan. Bates commenced construction on the lot, including dirt work, plumbing installation, setting forms and completing post-tension operations. The slab was scheduled to be poured on January 17, 2002.
 

 On January 16, 2002, after realizing that a permit to build on Lot 47 had been issued to Bates without the required erosion control plan, the City issued a stop work order. The City requested that Bates submit an erosion control plan so that the stop work order could be lifted. Bates did not, ^however, submit an erosion control plan and, consequently, was not permitted to resume construction. Then, on January 25, 2002, nine days after the stop work order- was issued by the City, Mr. Yawn transferred ownership of Lot 47 to Classic Homes. At that time, Mr. Yawn was the president and sole shareholder of Classic Homes.
 

 Approximately one month later, on February 26, 2002, as previously stated, Classic Homes and Bates filed suit against the City for what they alleged to be an unconstitutional taking by the City without just compensation. Due to numerous continuances and withdrawals from representation filed in the case, the matter was not set for trial until eight years later in 2010.
 

 After the matter was set for trial, the City filed an exception of no right of action to the claims of Classic Homes and Bates alleging that they were not the owners of the property at the time of the alleged taking. Classic Homes and Bates then filed a supplemental and amended petition adding Mr. Yawn as a plaintiff to the suit. Subsequently, the City filed an exception of prescription to the claims of Mr. Yawn arguing that his claims had prescribed and did not “relate back” to the original petition filed by Classic Homes and Bates eight years earlier.
 

 Agreeing with the City that neither Classic Homes nor Bates owned Lot 47 at the time of the alleged taking without compensation, the trial judge granted the City’s exception of no right of action as to Classic Homes and Bates, dismissing their claims with prejudice.
 

 |4Puring the portion of the hearing on the City’s exception of prescription as to the claims of Mr. Yawn, the trial judge asked Plaintiffs’ counsel if he intended to
 
 *1208
 
 substitute Mr. Yawn as a plaintiff for Classic Homes and Bates. Plaintiffs’ counsel responded that Mr. Yawn, who, by the time of the hearing had sold Classic Homes to another individual, would not be substituted as a plaintiff for Classic Homes and Bates and that all three plaintiffs would remain in the suit. Subsequently, the trial judge granted the City’s exception of prescription and dismissed Mr. Yawn’s claims with prejudice.
 

 This appeal ensued.
 

 DISCUSSION
 

 Plaintiffs assert in their sole assignment of error that the trial judge erred as a matter of law in sustaining the City’s exception of prescription to the claims of Mr. Yawn. Plaintiffs assert that their supplemental and amended petition adding Mr. Yawn as a plaintiff relates back to their original petition in accordance with La. C.C.P. art. 1153 and
 
 Giroir v. South Louisiana Medical Center,
 
 475 So.2d 1040 (La.1985); therefore, Mr. Yawn’s claims have not prescribed.
 

 The City contends that, under La. R.S. 13:5111, Mr. Yawn’s claims are prescribed on the face of Plaintiffs’ petition because Mr. Yawn failed to file a claim within three years of the alleged taking by the City when it issued the stop work order in January 2002. Moreover, the City asserts that Plaintiffs’ supplemental and amended petition adding Mr. Yawn as a plaintiff to the suit filed in 2010 does not “relate back” to their original | r,petition filed in 2002 because Plaintiffs have failed to meet all four factors set forth in
 
 Giroir v. South Louisiana Medical Center, supra.
 

 The party raising the exception of prescription ordinarily bears the burden of proof at the trial of the peremptory exception.
 
 Spott v. Otis Elevator Co.,
 
 601 So.2d 1355 (La.1992);
 
 McKinley v. Scott,
 
 44,414 (La.App.2d Cir.7/15/09), 17 So.3d 81. When prescription is evident from the face of the pleadings, however, the plaintiff bears the burden of showing the action has not prescribed.
 
 Spott v. Otis Elevator Co., supra; McKinley v. Scott, supra.
 
 When evidence is introduced at the hearing on the peremptory exception of prescription, the trial judge’s findings of fact are reviewed under the manifest error standard of review.
 
 Carter v. Haygood,
 
 04-0646 (La.1/19/05), 892 So.2d 1261;
 
 McKinley v. Scott, supra.
 

 With respect to the prescriptive period for alleged takings without compensation, La. R.S. 13:5111(A) provides:
 

 A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana, a parish, or municipality or other political subdivision or an agency of any of them, for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding. Any settlement of such claim, not reduced to judgment, shall include such reasonable attorney, engineering, and appraisal fees as are actually incurred because of such proceeding. Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three
 
 *1209
 
 years from the date of such taking. (Emphasis added).
 

 lfiNew plaintiffs and defendants may be added by amended pleadings if the applicable criteria are met. La. C.C.P. art. 1153;
 
 Giroir v. South Louisiana Medical Center, supra; Ray v. Alexandria Mall,
 
 434 So.2d 1083 (La.1983);
 
 Smith v. Kaye’s Food Market,
 
 38,518 (La.App.2d Cir.5/19/04), 874 So.2d 395,
 
 writs denied,
 
 04-1498 (La.10/1/04), 883 So.2d 1008; 04-1560 (La.10/1/04), 883 So.2d 992;
 
 Gaines v. Bruscato,
 
 30,340 (La.App.2d Cir.4/8/98), 712 So.2d 552,
 
 writ denied,
 
 98-1272 (La.6/26/98), 719 So.2d 1059.
 

 In
 
 Giroir v. South Louisiana Medical Center, supra,
 
 the Louisiana Supreme Court set forth a four-part test for determining whether an amendment adding new plaintiffs would relate back to the date the original petition was filed.
 
 Id.
 
 The four
 
 Giroir
 
 factors allowing relation back are: (1) the amended claim arises out of the same conduct, transaction or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; and (4) the defendant will not be prejudiced in preparing and conducting his defense. La. C.C.P. art. 1153;
 
 Giroir v. South Louisiana Medical Center, supra; Smith v. Kaye’s Food Market, supra; Howard v. Edmon,
 
 35,715 (La.App.2d Cir.2/27/02), 811 So.2d 226.
 

 The City asserts that Plaintiffs have failed to prove that the City knew or should have known of the existence and involvement of the new plaintiff, Mr. Yawn
 
 (Giroir
 
 factor # 2) and, further, that the City will not be ^prejudiced in preparing and conducting its defense if Mr. Yawn is added as a plaintiff
 
 (Giroir
 
 factor # 4). We agree.
 

 Giroir Factor
 
 #
 
 2: The defendant either knew or should have known of the existence and involvement of the new plaintiff
 

 Plaintiffs contend that the City should have known of Mr. Yawn’s existence and involvement as a plaintiff because Mr. Yawn is the president and sole shareholder of Classic Homes; and, at the time the alleged taking occurred, Mr. Yawn was listed in the public records as the property owner. Under the facts and circumstances of this case, however, we are not persuaded by Plaintiffs’ argument.
 

 As previously noted, the property at issue, which is located on Lot 47 of the subdivision, has been subjected to a long, somewhat confusing line of conveyances between various property owners since 1997. According to the record, Mr. Yawn and Mr. Barnette originally bought Lot 47 in 1997, but then Mr. Yawn and Mr. Bar-nette sold Lot 47 to Barnette Properties, Inc. in 1998. Barnette Properties, Inc., then sold Lot 47 back to Mr. Yawn in 2000. Just two years later, Mr. Yawn sold Lot 47 to Classic Homes in 2002. Four years later in 2006, Lot 47 was sold once again, this time by Classic Homes, to Huckabee Yawn, L.L.C. Additionally, Mr. Yawn has now sold Classic Homes to another individual who no longer resides in Louisiana. It appears from the record that Mr. Yawn’s somewhat recent sale of Classic Homes is the latest development in the 13-year time frame of property sales and consequential ownership changes in this litigation.
 

 Plaintiffs waited until 2010 to file their supplemental and amended petition adding Mr. Yawn as a plaintiff, at least four years
 
 *1210
 
 after Classic |sHomes sold Lot 47 to Huck-abee Yawn, L.L.C. Moreover, Plaintiffs themselves are unclear as to how long it has been since Mr. Yawn sold Classic Homes to another individual who now allegedly resides somewhere in California. In light of the evidence that Lot 47 changed ownership at least 5 times between 1997 and 2006, notwithstanding the fact that Mr. Yawn no longer even owns Classic Homes, we see nothing in the record to support Plaintiffs’ contention that the City knew or should have known of the existence or involvement of Mr. Yawn as a plaintiff in this litigation.
 

 Plaintiffs further assert that the City knew or should have known of Mr. Yawn’s existence and involvement as a plaintiff because he wrote a letter to City officials referencing the Juniper Place Subdivision and also had encounters with City officials prior to the alleged taking involving Lot 47. As the City points out, however, the letter was written and the encounters took place in 1999, three years prior to the alleged taking. Moreover, Mr. Yawn did not own Lot 47 in 1999, Barnette Properties, Inc. did.
 

 The amended and supplemental petition filed by Plaintiffs is clearly prescribed on its face; and, once challenged by the City, it was incumbent upon Plaintiffs to provide competent evidence to show that it was not.
 
 Thomas v. Connolly,
 
 31,447 (La.App.2d Cir.1/20/99), 726 So.2d 1052. Plaintiffs have failed to meet this burden.
 
 Id.
 

 Giroir Factor # ⅛: The defendant will not he prejudiced in preparing and, conducting his defense
 

 As an additional matter, the City argues that it would be prejudiced by the addition of Mr. Yawn as a plaintiff to the suit because eight years have |apassed between the filing of the original petition in 2002 and the filing of Plaintiffs’ supplemental and amended petition in 2010. The City alleges that the prejudice would result from its failure to acquire and preserve evidence against Mr. Yawn in his capacity as the property owner of Lot 47 when the alleged taking occurred. We agree.
 

 As noted by our brethren in the fourth and fifth circuits,
 
 Giroir v. South Louisiana Medical Center, supra,
 
 did not place any time limits on the relation back of an amended pleading.
 
 Lester v. Exxon Mobil Corp.,
 
 09-1105 (La.App.5th Cir.6/29/10), 42 So.3d 1071,
 
 writ denied,
 
 10-2244 (La.12/17/10), 51 So.3d 14;
 
 Baton Rouge Ass’n of School Employees, Local 100 Semce Employees Intern. Union, AFL-CIO v. East Baton Rouge Parish School Bd.,
 
 98-0526 (La.App.1st Cir.4/1/99), 729 So.2d 1154,
 
 writ denied,
 
 99-1278 (La.7/2/99), 747 So.2d 19. The passage of time, however, between the filing of the original petition and the amended petition will generally weigh against the relating back of the amendment.
 
 Lester v. Exxon Mobil Corp., supra; Baton Rouge Ass’n of School Employees, Local 100 Service Employees, supra.
 
 Although Mr. Yawn would likely present similar claims as the original and timely Plaintiffs, Bates and Classic Homes, at some point, the passage of time becomes a factor.
 
 Lester v. Exxon Mobil Corp., supra; Baton Rouge Ass’n of School Employees, Local 100 Service Employees, supra.
 
 In the case
 
 sub judice,
 
 we find that the eight-year passage of time weighs against the relating back of Plaintiffs’ supplemental and amended petition.
 

 [ ipAccordingly, we see no manifest error in the trial judge’s ruling granting the City’s exception of prescription, thereby dismissing the claims of Mr. Yawn.
 

 
 *1211
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the judgment of the trial court granting the City of Shreveport’s exception of prescription. Costs of this appeal are assessed to appellants, Classic Homes of Louisiana, Inc. and David Bates, d/b/a Bates Construction.
 

 AFFIRMED.
 

 [1]
 

 . Lot 47 was previously part of Lot 9 of Kay Acres.