Judgment rendered July 17, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,762-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LADEIDRA JACKSON                    Plaintiff-Appellant

versus

ST. FRANCIS MEDICAL                 Defendant-Appellee
CENTER, INC.

* * * * *

Appealed from the
Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2022-CV-01576

Honorable Jefferson Bryan Joyce, Judge

* * * * *

OFFICE OF ANTHONY J.  BRUSCATO        Counsel for Appellant
By: Anthony J. Bruscato

BREAZEALE, SACSHE & WILSON, LLP       Counsel for Appellee
By: Thomas Richard Temple, Jr.

* * * * *

Before STEPHENS, HUNTER, and MARCOTTE, JJ.

**HUNTER, J.**

Plaintiff, LaDeidra Jackson, appeals a district court judgment which sustained a peremptory exception of prescription filed by defendant, St. Francis Medical Center, Inc, and dismissed her claims with prejudice. For the following reasons, we affirm.

## FACTS

On May 7, 2021, plaintiff, LaDeidra Jackson, was involved in an automobile accident and sustained injuries caused by a third party. She was treated in the emergency room at St. Francis Medical Center in Monroe ("St. Francis"). At the time of her emergency room visit, plaintiff was insured through the Louisiana Medicaid program ("Medicaid").

Rather than filing a claim with Medicaid, St. Francis opted to assert a medical lien against plaintiff's recovery on any personal injury claim arising from the automobile accident. On June 18, 2021, plaintiff's counsel received a letter (via facsimile) from MedFax, LLC, which stated: plaintiff had "incurred charges of $3,873.00," related to her emergency room treatment St. Francis; St. Francis had "acquired a privilege for its bills for treatment of [plaintiff]," pursuant to La. R.S. 9:4751, *et seq*.; and "[t]he above-referenced patient has been turned over to this office for collection." The communication included an attachment from Franciscan Missionaries of Our Lady Health System, which stated:

> Your visit reflects total charges of $3,873.01 as of 05/27/21.
> This is not a bill. This does not show your current hospital
> balance, but rather is an itemization of the services provided
> during your visit[.]

Further, the correspondence included an itemization for services provided to plaintiff and contained the following notation: "**THIS IS NOT A BILL. DO**

**NOT PAY. IF IT IS DETERMINED THAT THIS SERVICE OR A PORTION OF THESE SERVICES IS NOT PAYABLE BY YOUR HEALTH PLAN, YOU WILL BE RESPONSIBLE.**" (Emphasis in original).

On September 6, 2022, plaintiff filed a lawsuit against St. Francis, asserting claims under the Health Care Consumer Billing and Disclosure Protection Act/Balanced Billing Act ("BBA") and/or the Louisiana Unfair Trade Practices Act ("LUTPA"). Plaintiff alleged, *inter alia*:

(1) St. Francis failed to "disclose the schedule of charges to trauma patients for the same services rendered to non-trauma patients, following accidents where coverage is provided by insurance companies, or with government programs, such as Medicaid or Medicare, where such entities normally pay medical charges for medical services furnished";

(2) St. Francis failed to bill plaintiff's health insurer, and, instead, billed her and sent a lien to her attorney, "at the highest rate the hospital charges to any payer, as opposed to the schedule of charges [St. Francis] negotiated with insurance companies, and substantially higher than schedule of payments for medical services paid by Medicaid and Medicare" in violation of the [BBA];

(2) Plaintiff is at risk in being forced to pay for all or most of the medical charges due to St. Francis's failure to bill her insurer;

(3) St. Francis "typically charges different customers different prices for the exact same service without prior notice before services are rendered as to the charges for the same"; and

(4) St. Francis's "conduct is contrary to the law in this state which [plaintiff] seeks to prevent such unfair trade practice.

Plaintiff prayed for "general damages and reasonable attorney fees for unfair trade practice with medical charges being charged as uncollectable due to violations in billing practice and failure to post notice of comparable billing practice."

2

In response, St. Francis filed peremptory exceptions of no cause of action and prescription. St. Francis argued plaintiff's claims were delictual in nature and were subject to a one-year prescriptive period. St. Francis asserted plaintiff's claims have prescribed because her lawsuit was not filed until one year and two months after the lien was filed. St. Francis also argued plaintiff failed to state a cause of action under the BBA or LUTPA. According to St. Francis, Medicaid is a federal government plan, and plaintiff, a Medicaid recipient, does not have a valid cause of action under the BBA. Following a hearing, the trial court sustained the exception of prescription and took "no position as to the exception of no cause of action[.]"

Plaintiff appeals.

**DISCUSSION**

Plaintiff contends the trial court erred in finding her claims under LUTPA and BBA are barred by prescription. She concedes LUTPA and BBA claims are governed by a one-year prescriptive period. However, plaintiff argues it is unclear from the record what date "the transaction or act which gave rise to plaintiff's cause of action" occurred: (1) the date St. Francis decided to attempt to collect payment, while treating its billing information as confidential; or (2) the date plaintiff knew or should have known she had a potential cause of action against St. Francis.

The exceptor bears the burden of proof at trial of the peremptory exception of prescription. *In re Med. Rev. Panel of Heath*, supra; *McDonald v. Orr Motors of Little Rock, Inc.*, 52,225 (La. App. 2 Cir. 9/26/18), 256 So. 3d 1132; *McKinley v. Scott*, 44,414 (La. App. 2 Cir. 7/15/09), 17 So. 3d 81.

3

However, when prescription is evident from the face of the pleadings, the plaintiff bears the burden of showing the action has not prescribed. *Id.*

Prescription begins "when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *In re Med. Rev. Panel of Heath*, 21-01367 (La. 6/29/22), 345 So. 3d 992, 996, quoting *Campo v. Correa*, 01-2707, (La. 6/21/02), 828 So. 2d 502, 510. Constructive knowledge is "whatever notice is enough to excite attention and put the injured person on guard and call for inquiry." *Campo v. Correa,* at 510-11. A plaintiff is then imputed with whatever knowledge a reasonable inquiry or investigation would reveal. *Id.*

A LUTPA cause of action is based on La. R.S. 51:1405(A), which states, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." A private LUTPA action is subject to a liberative prescription period of one year, running from the time of the transaction or act which gave rise to the right of action. La. R.S. 51:1409(E); *Law Industries, LLC v. Dept. of Education*, 23-00794 (La. 1/26/24), 378 So. 3d 3; *McDonald v. Orr Motors of Little Rock, Inc.*, *supra*.

The BBA prohibits a medical care provider from directly or indirectly billing an insured for any amount in excess of the contracted rate under its member provider agreement. *See* La. R.S. 22:1874.[1] Claims arising from the BBA are delictual in nature and are subject to a one-year prescriptive period.

---

[1] Under the BBA, if a hospital or other health care provider has negotiated a schedule of prices with a patient's health insurer, then the hospital cannot charge the patient more than the negotiated amount; an attempt to charge sch an amount is a violation of the patient's rights under the Act. The BBA provides a private right of action for any violations of the statute and authorizes health care providers to recover reasonable charges or fees from third party tortfeasors. *Rabun v. St. Francis Med. Ctr., Inc.*, 50,849 (La. App. 2 Cir. 8/10/16), 206 So. 3d 323 ("*Rabun I*").

*DePhillips v. Hosp. Serv. Dist. No. 1 of Tangipahoa Par.*, 19-01496 (La. 7/9/20), 340 So. 3d 817; *Rabun v. St. Francis Medical Center, Inc.*, 54,086 (La. App. 2 Cir. 8/11/21), 324 So. 3d 1116, *writ denied*, 21-01335 (La. 11/17/21), 327 So. 3d 993 ("*Rabun III*"). In *Rabun III*, this Court concluded as follows:

> The violation of the Balance Billing Act as alleged in her petition – St. Francis's attempt to collect amounts in excess of the contracted reimbursement rate –  occurred when the hospital issued the lien letter dated March 21, 2013, to Ms. Rabun's attorney. No allegations were made and no evidence was introduced that St. Francis has done anything other than the filing of the lien, which . . . does not constitute a continuous cause of injury giving rise to successive damages, but instead, is one original, wrongful act that has ill effects continuing therefrom."

*Id*., at 1122 (footnote omitted).

In the instant case, in her petition for damages, plaintiff alleged, "A lien was filed by MedFax Recovery, LLC by letter dated June 18, 2021[.]" Consequently, plaintiff had until June 18, 2022 to assert her claims under LUTPA and the BBA.  Plaintiff's petition was filed September 6, 2022, more than one year after June 18, 2021.  Therefore, her claims have prescribed, and the district court did not err in sustaining the peremptory exception of prescription filed by St. Francis.

Plaintiff also contends the trial court erred in failing to overrule the peremptory exception of no cause of action filed by St. Francis.  The trial court did not rule on the exception; therefore, the issue is not properly before this Court.  Further, having found the district court did not err in sustaining the exception of prescription, we do not reach plaintiff's assignments of error related to the peremptory exception of no cause of action.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court sustaining the exception of prescription and dismissing plaintiff's petition is affirmed. Costs of the appeal are assessed to plaintiff, LaDeidra Jackson.

**AFFIRMED.**