ROBERT A. CHAISSON, Judge.
|2In this action, plaintiffs have sued their homeowners’ insurer, Louisiana Citizens Property Insurance Corporation (“Citizens”), for claims arising from Hurricane Katrina". Plaintiffs appeal from a judgment of the trial court sustaining the defendant’s exception of prescription. For the following reasons, we affirm the judgment in part, reverse it in part, and remand the matter to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
On August 29, 2005, Hurricane Katrina struck the Gulf Coast causing extensive damage and destruction to the region. Subsequently, numerous lawsuits proposing class certification were filed in Louisiana, a number of which named Citizens as a defendant. Some of these class actions have been resolved, and some of them are still pending in various procedural postures in various courts.
| ¡¡On May 26, 2011, eleven individuals[1] who own property in Jefferson Parish filed this lawsuit against Citizens. In their petition, plaintiffs alleged that they were putative class members of at least one pending class action against Citizens, and as such, were entitled to the benefit of suspension of prescription pursuant to La. C.C.P. art. 596. On August 2, 2011, Citizens filed an answer to the petition along with an exception of prescription and various other exceptions.[2] In its exception of prescription, Citizens contended that plaintiffs filed this lawsuit subsequent to both the extended filing deadline established by the Louisiana Legislature in Act 802 of 2006, and the deadline established by the Louisiana Supreme Court in Taranto vs. Louisiana Citizens Property Insurance Corporation, 10-0105 (La.3/15/11), 62 So.3d 721. In their opposition to Citizen’s exception of prescription, plaintiffs specifically identified five timely filed class actions in which they claimed to be putative class members: Christenberry v. Louisiana Citizens Property Insurance Corporation, No. 2006-8819 of Civil District Court for the Parish of Orleans; Oubre v. Louisiana Citizens Fair Plan, No. 625-567 of the 24th JDC; Orrill v. AIG, Inc., No. 2005-0888 of the Civil District Court for the Parish of Orleans; Press v. Louisiana Citizens Fair Plan Property Insurance Corporation, No. 2006-5530 of Civil District Court for the Parish of Orleans; and The State of Louisiana v. AAA Ins., No. 07-5528 of the Eastern District of Louisiana (the “Road Home” litigation). Plaintiffs further contend that the filing of the “Road Home” litigation by the State of Louisiana, as partial subrogee to the rights of any recipient of a “Road Home” grant, interrupted prescription as to the claim of that grant recipient. |4In response, Citizens contended that by filing their independent individual lawsuit, plaintiffs effectively “opted out” of the class actions upon which they relied for purposes of suspension of prescription, and forfeited the ben *196 efit of suspension of prescription provided by La. C.C.P. art. 596.
After a hearing on November 3, 2011, the trial court rendered judgment sustaining Citizen’s exception of prescription. It is from this judgment that plaintiffs now appeal.
LAW AND ANALYSIS
In Louisiana, class actions are governed by La. C.C.P. art. 591 et seq. Article 596 provides, in pertinent part:
A. Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
(1) As to any person electing to be excluded from the class, thirty days from the submission of that person’s election form;
(2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
(3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.
Citizens first contends that, despite the suspension of prescription provided for in Article 596, the Louisiana Supreme Court, in Taranto, established a definitive filing deadline of May 31, 2009, for all claims arising from Hurricane Katrina, and that plaintiffs’ lawsuit, filed May 26, 2011, was therefore untimely. Citizens misinterprets the ruling in Taranto. In Taranto, the plaintiffs responded to |fian exception of prescription by alleging that they were putative class members of two class actions, Buxton v. Louisiana Citizens Property Ins. Corp., No. 2006-8341 on the docket of the Civil District Court for the Parish of Orleans, and Chalona v. Louisiana Citizens Property Ins. Corp., 08-0257 (La.App. 4 Cir. 6/11/08), 3 So.3d 494, and were therefore entitled to the suspension of prescription provided by those two class actions pursuant to La. C.C.P. art. 596. The Supreme Court, applying the precepts of Article 596 to the facts of those particular class actions, found that the filing deadline for the plaintiffs in Taranto was May 31, 2009. The Court’s ruling did not preclude the possibility that other timely filed, pending Katrina-related class actions, in different procedural postures than Buxton and Chalona, might be relied on by other plaintiffs pursuant to La. C.C.P. art. 596, thus providing a filing deadline beyond May 31, 2009. Since plaintiffs in the litigation before us do not rely upon the Buxton or Chalona class actions, that portion of the Supreme Court’s ruling in Taranto establishing a filing deadline of May 31, 2009, is not relevant to our inquiry.
Citizens next contends that even if the Taranto filing deadline of May 31, 2009, is not controlling, plaintiffs, by filing this independent individual lawsuit, have effectively “opted out” of the five class actions upon which they rely, and have forfeited the benefit of suspension of prescription provided by those class actions.
The Louisiana Supreme Court recently granted certiorari in two cases to consider whether the suspension of prescription *197 provided for in La. C.C.P. art. 596 extends to a putative class member who files an individual claim (1) prior to a ruling on the class certification issue (Duckworth v. Louisiana Farm Bureau Mutual Insurance Company, 11-2835 (La.11/02/12), — So.3d -), and (2) after a ruling on the class certification issue (Quinn v. Louisiana Citizens Property Insurance Corporation, 12-0152 (La.11/02/12), — So.3d -). The Supreme Court’s rulings in both Duckworth and Quinn are relevant to our inquiry since plaintiffs in the instant litigation rely upon timely filed class actions where there is no final ruling on the class certification issue (Christenberry, Or-rill, and the “Road Home” litigation) and timely filed class actions where there has been a final ruling on the class certification issue (Oubre and Press).
According to the plain language of La. C.C.P. art. 596, a petition brought on behalf of a class suspends prescription as to “all members” of the class “as described or defined therein.” Duckworth, 11-2835 at 14, — So.3d-. This suspension continues until thirty days after one of three events occurs: (1) a person elects to be excluded from the class by submitting an election form; (2) a person is excluded from the class by the redefinition or restriction of the class (and notice thereof is issued); or (3) the action is dismissed, the demand for class relief is stricken, or class certification is revoked or refused (and notice thereof issued). Id. These three events are the exclusive statutory triggers for recommencing the accrual of liberative prescription on the claims of those persons described or defined in the class action petition. Id. at 14-15, — So.3d -. Consequently, the Supreme Court held that “the filing of an individual lawsuit, regardless of its timing, is not an avenue for ‘opting out of or requesting exclusion from a class and, thus, not a trigger for recommencing the running of liberative prescription under La. C.C.P. art. 596 or for forfeiting the benefits of suspension provided thereunder.” Quinn, 12-0152 at 7, — So.3d -; and Duckworth, 11-2835 at 14-20, — So.3d-, overruling Lester v. Exxon Mobil Corp., 09-1105 (La.App. 5 Cir. 6/29/10), 42 So.3d 1071, writ denied, 10-2244 (La.12/17/10), 51 So.3d 14 (to the extent that it held that the filing of an individual lawsuit by a member of a putative class prior to a ruling on the class certification |7issue operates as an “opt out” of the class action and a forfeiture of the suspension provisions of La. C.C.P. art. 596.)[3]
The trial court did not issue written reasons for judgment but rather ruled from the bench. From a reading of the transcript, it appears that the trial court granted Citizen’s exception of prescription based upon its reliance on this Court’s opinion in Lester, the pertinent part of which has now been overruled by the Supreme Court in Duckworth. Finding this to be legal error, we must next examine whether, applying the correct rule of law, plaintiffs’ claims are prescribed.
Generally, the party urging an exception of prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face, in which case the burden shifts to the *198 plaintiff. Duckworth, 11-2885 at 26, — So.3d -, citing Cichirillo v. Avondale Industries, Inc., 04-2894, 04-2918 at 5, 917 So.2d at 428, and Bailey v. Khoury, 04-0620, 07-0647, 04-0684 at 9, 891 So.2d at 1275. Although evidence may be introduced to support or controvert any objection pleaded, in the absence of evidence, an objection of prescription must be decided upon the facts alleged in the petition with all allegations accepted as true. La. C.C.P. art. 931; Duckworth, 11-2835 at 26, — So.3d-, citing Cichirillo, 04-2894, 04-2918 at 5, 917 So.2d at 428.
In this case, plaintiffs’ petition seeks damages pursuant to their individual homeowner’s insurance policies for losses resulting from Hurricane Katrina on August 29, 2005. Through 2006 La. Acts 739 and 802, the legislature extended the prescriptive period on such claims until September 1, 2007.[4] Plaintiffs’ claims, asserted more than three years after this date, would at first glance appear to be | ¡¡prescribed. However, plaintiffs’ petition additionally alleges that each plaintiff “was a member of at least one class action against Defendants (sic) in which certification has not been either granted and/or denied and there has not been a deadline for opting out of the class action.” In other words, the petition affirmatively alleges facts to show that prescription has been suspended by virtue of the timely filing of a class action proceeding in which plaintiffs were putative class members. However, further analysis is necessary in order to determine whether plaintiffs’ petition is prescribed on its face.
In Quinn, the plaintiffs alleged that Citizens was a defendant in a “recently dismissed” class action proceeding filed in the United States District Court for the Eastern District of Louisiana, and that plaintiffs “desire to file their individual claims as a result of this ruling.” The Supreme Court indicated that “ordinarily, such allegations would be sufficient to allow this court to conclude that the Quinns’ petition was not prescribed on its face and, therefore, it was Citizens’ burden to prove the Quinns’ claims are prescribed ...” Quinn, 12-0152 at 11, — So.3d-. However, Citizens argued that La. C.C.P. art. 596 does not apply to suspend prescription when the class action is filed in another jurisdiction. After a thorough analysis, the Supreme Court rejected “cross-jurisdictional tolling” in class action proceedings, and held that the suspension of prescription provided in La. C.C.P. art. 596 “applies only to ‘petition[s] brought on behalf of a class’ in the state courts of Louisiana.” Quinn, 12-0152 at 16, — So.3d -. Although the Quinns had argued in their opposition brief to the exception of prescription that they were putative members of class actions pending in Louisiana state courts (namely: Oubre, Orrill and Buxton), they did not make this allegation in their petition. As such, the court found that the Quinns’ petition was prescribed on its face, that the Quinns did not carry their burden of showing that the action is not prescribed, and that the district |¡,court erred in denying the exception of prescription urged by Citizens. Quinn, 12-0152 at 16, — So.3d-.
In this case, plaintiffs’ allegations regarding suspension of prescription pursuant to La. C.C.P. art. 596 contain no language limiting the class action upon which they rely to one pending in federal court. Applying the well-settled principle that liberal rules of pleading prevail in Louisiana and that each pleading should be *199 construed so as to do substantial justice,[5] we find that plaintiffs’ petition is not prescribed on its face. Therefore, the burden is upon Citizens to prove its exception of prescription.
As noted above, plaintiffs rely upon five timely filed class actions to suspend prescription on their claims, namely: Chris-tenberry, Oubre, Orrill, Press, and the “Road Home” litigation. Since the “Road Home” litigation is pending in federal district court, plaintiffs by law may not rely upon that case for suspension of prescription on their claims. Quinn, 12-0152 at 16, — So.3d-. As to the remaining four class actions relied upon by plaintiffs, each of which was timely filed and pending in a Louisiana state court at the time plaintiffs filed this lawsuit, the burden is on Citizens to show that plaintiffs are not putative members of those classes, or that any one of the three triggering events for the recommencement of the running of prescription pursuant to La. C.C.P. art. 596 has occurred as to each class action, and that plaintiffs’ petition was filed after the prescriptive deadline. In other words, Citizens must show that plaintiffs are not entitled to the benefit of suspension of prescription under Article 596. Citizens did not introduce any evidence at the trial of the exception and clearly has not met its burden as to the remaining four class actions. Therefore, the trial court erred in sustaining Citizens’ | ^exception of prescription as it relates to plaintiffs’ claims that were also plead in Christenberry, Ou-bre, Orrill, and Press.
Plaintiffs further contend that the filing of the “Road Home” litigation by the State of Louisiana, as partial subrogee to the rights of any recipient of a “Road Home” grant, interrupted prescription as to the claim of that grant recipient. As to this contention, plaintiffs made no allegation in their petition that any of them were recipients of “Road Home” grants or had signed a subrogation agreement with the state. Therefore, the burden was on plaintiffs to present evidence on this issue at the trial of the exception to show that there was an interruption of prescription by the filing of the “Road Home” litigation. The only exhibits introduced by plaintiffs on this issue was the petition in the “Road Home” litigation, which does not identify any of the seven plaintiffs before us as recipients of “Road Home” grants, and an unsigned “Limited Subrogation/Assignment Agreement” form. Plaintiffs did not call any witnesses or otherwise provide any competent evidence to establish that any of the seven plaintiffs were recipients of “Road Home” grants or had signed a subrogation agreement -with the State of Louisiana. Therefore, plaintiffs failed to carry their burden to prove that their claims were interrupted by the filing of the “Road Home” litigation. Finding such, we pretermit the issue of whether the bar to “cross-jurisdictional tolling” of prescription is also applicable to co-obligees pursuant to a contractual subrogation agreement.
Finding that plaintiffs are not entitled to either a suspension or interruption of prescription on their claims as a result of the “Road Home” litigation, we further find that the trial court was correct to sustain the exception of prescription to the extent that any claims made by plaintiffs in the current litigation are made in the “Road Home” litigation but are not made in Christenberry, Oubre, Orrill, or Press.
^CONCLUSION
Pursuant to La. C.C.P. art. 596, plaintiffs are entitled to the benefit of suspen *200 sion of prescription on the claims made in the current litigation that are also made in Christenberry, Oubre, Orrill, or Press. To the extent that the judgment sustained the exception of prescription as to any of these claims, that portion of the judgment is hereby reversed. Plaintiffs are not entitled to the benefit of either suspension or interruption of prescription as a result of the “Road Home” litigation. To the extent that the judgment sustained the exception of prescription as to any claims made by plaintiffs in the current litigation that are also made in the “Road Home” litigation, but not made in Christenberry, Oubre, Or-rill, or Press, that portion of the judgment is hereby affirmed. This matter is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED

. The original eleven plaintiffs are A1 Harney, Alfred Singleton, Jr., Cecil Palmer, Jay Saacks, Glenda Mitchell, Rial Diles, III, Betty Palmer, Florence Beauford, Mary Watts, Frank Sylvester, Jr. and Dianne Williams. The claims of Al Harney, Alfred Singleton, Jr., Jay Saacks and Rial Diles, III, were subsequently dismissed, leaving the other seven as remaining plaintiffs.

. Citizens also filed an exception of improper cumulation of actions, which was deferred by the trial court, and exceptions of lis pendens, vagueness or ambiguity, no cause of action and no right of action, all of which were ruled to be moot in light of the trial court's ruling on the exception of prescription. None of these other exceptions are before this court on appeal.

. Citizens raises concerns that failure to treat the filing of an individual lawsuit as an “opt out” of the class action litigation, and a forfeiture of suspension of prescription, would promote judicial inefficiency and call into question the binding nature of class actions that have been resolved, either by settlement or final judgment. These arguments may be relevant to other exceptions (for example, and by way of illustration only, exceptions of lis pen-dens and res judicata), however, they have no bearing on our resolution of the exception of prescription.

. Citizens acknowledges that it contractually extended this prescriptive deadline for its policyholders to September 4, 2007.

. La. C.C.P. art. 865; Quinn, 12-0152 at 11, n. 6, - So.3d-, n. 6; Haskins v. Clary, 346 So.2d 193, 194 (La. 1977).