ROBERT A. CHAISSON, Judge.
bln this action, Angela Harrison has sued her homeowners’ insurer, Teachers Insurance Company (“Teachers”), for claims arising from Hurricane Katrina. Ms. Harrison appeals from a judgment of the trial court sustaining Teachers’ exception of prescription. For the following reasons, we reverse the judgment of the trial court and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On August 29, 2005, Hurricane Katrina struck the Gulf Coast causing extensive damage and destruction to the region. Subsequently, numerous lawsuits proposing class certification were filed in Louisiana. Some of these class actions have been resolved, and some of them are still pending in various procedural postures in various courts. At least two of these class actions named Teachers as a defendant.
On July 22, 2009, Angela Harrison filed this lawsuit against her homeowners’ insurer, Teachers, alleging that it had failed to timely initiate adjustment of her Hurricane Katrina damage claim and to tender the amounts due to her pursuant to her policy. In her petition, Ms. Harrison alleged that she was a putative class member of several class actions against Teachers, and as such, her | Sclaims were timely asserted. On March 29, 2012, Teaehers filed an exception of prescription, contend *1056 ing that Ms. Harrison filed this lawsuit subsequent to September 1, 2007, the extended filing deadline established by the Louisiana Legislature in Act 802 of 2006 for Hurricane Katrina claims. In her opposition to Teachers’ exception of prescription, Ms. Harrison claimed to be a putative class member of two timely filed class actions that served to suspend the running of liberative prescription on her claim. She specifically identified the two class actions as: In Re: Katrina Canal Breaches Consolidated Litigation, No. 05-4182 of the Eastern District of Louisiana (the “Master Consolidated” litigation); and The State of Louisiana v. AAA Ins., No. 07-5528 of the Eastern District of Louisiana (the “Road Home” litigation). Additionally, Ms. Harrison contended that the filing of the “Road Home” litigation by the State of Louisiana, as partial subrogee to her rights as a recipient of a “Road Home” grant, interrupted prescription as to her claim.
After a hearing on June 4, 2012, the trial court rendered judgment sustaining Teachers’ exception of prescription. It is from this judgment that Ms. Harrison now appeals.
LAW AND ANALYSIS
Through 2006 La. Acts 739 and 802, the Louisiana legislature extended the prescriptive period on Hurricane Katrina-related claims until September 1, 2007. Ms. Harrison’s claim, asserted almost two years after this date, would at first glance appear to be prescribed. However, Ms. Harrison’s petition additionally alleges that Teachers is a defendant in several pending class actions of which she is a putative member.
In Louisiana, class actions are governed by La. C.C.P. art. 591 et seq. These statutory provisions provide special rules regarding the suspension of liberative | prescription on claims arising out of the same transactions or occurrences as those brought in a class action proceeding. Article 596 provides, in pertinent part:
A. Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
(1) As to any person electing to be excluded from the class, thirty days from the submission of that person’s election form;
(2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
(3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.
La. C.C.P. art. 596 is a special provision, the purpose of which is to prevent prescription from accruing against the claims of members of a putative class action until such point as the propriety of the class action or the member’s participation in the class action is determined. Duckworth v. Louisiana Farm Bureau Mutual Insurance Company, 11-2835, p. 14 (La.11/02/12), - So.3d -, 2012 WL 5374248. According to the plain language of La. C.C.P. art. 596, a petition brought *1057 on behalf of a class suspends prescription as to “all members” of the class “as described or defined therein.” Id.
Generally, the party urging prescription bears the burden of proof at trial of the exception; however, if the petition is prescribed on its face, the burden shifts to the plaintiff to show the action is not prescribed. Taranto v. Louisiana Citizens Property Ins. Corp., 10-0105, p. 5 (La.3/15/11), 62 So.3d 721, 726. Although evidence may be introduced to support or controvert any objection of prescription |fipleaded, in the absence of evidence, an objection of prescription must be decided upon the facts alleged in the petition with all allegations accepted as true. La. C.C.P. art. 931; Duckworth, 11-2835 at 26, — So.3d -, citing Cichirillo v. Avondale Industries, Inc., 04-2894, 04-2918, p. 5 (La.11/29/05), 917 So.2d 424, 428.
Ms. Harrison’s petition alleges that Teachers is a defendant in several pending class actions of which she is a putative member. Ordinarily, such allegations would be sufficient to allow this Court to conclude that Ms. Harrison’s petition was not prescribed on its face and, therefore, it was Teachers’ burden to prove that Ms. Harrison’s claims are prescribed. Although Ms. Harrison’s petition does not specifically identify these class actions, she identifies them in her opposition to Teachers’ exception of prescription as the “Master Consolidated” litigation and the “Road Home” litigation, both of which were pending in federal district court at the time that Ms. Harrison filed her petition.[1] Teachers argues, therefore, that because Louisiana courts do not allow “cross-jurisdictional tolling,” Ms. Harrison is not enti-tied to the benefit of suspension of prescription pursuant to La. C.C.P. art. 596.
In the recent case of Quinn v. Louisiana Citizens Property Insurance Corporation, 12-0152 (La.11/02/12), — So.3d -, 2012 WL 5374255, the Louisiana Supreme Court, finding that the legislature has rejected “cross-jurisdictional tolling” in class action proceedings, held that the provisions of La. C.C.P. art. 596 do not extend to suspend prescription on claims asserted in a putative class action filed in a federal court. Therefore, under the holding in Quinn, the “Master Consolidated” litigation relied on by Ms. Harrison, which was | fiOriginally filed in federal court, clearly did not serve to suspend the running of prescription on her claim.
Ms. Harrison, however, invites this Court to distinguish the “Road Home” litigation from the “Master Consolidated” litigation on the basis that the “Road Home” litigation was originally filed in a state court, Orleans Civil District Court, and was only later removed to federal district court. She therefore argues that the “Road Home” litigation suspended the running of prescription on her claim.
In Quinn, in addition to relying on the “Master Consolidated” litigation, the plaintiffs sought to rely on the “Road Home” litigation and three state court cases to suspend the running of prescription on their claims. However, their reliance on class actions other than the “Master Consolidated” litigation was only raised in their briefs to the court. Their petition alleged only that Citizens was a defendant in a “recently dismissed ” class action proceeding filed in the United States District *1058 Court. Of the five class actions the plaintiffs sought to rely on, only the “Master Consolidated” litigation fits this description.
The Supreme Court, having only the facts and procedural posture of the “Master Consolidated” litigation before it for consideration, held that the provisions of La. C.C.P. art. 596 do not extend to suspend prescription on claims asserted in a putative class action filed in a federal court (emphasis ours). Quinn, 12-0152 at 1, — So.3d -. Consequently, the Court found that the allegation in the plaintiffs’ petition that Citizens was a defendant in a “recently dismissed” class action proceeding filed in the United States District Court (clearly referring to the “Master Consolidated” litigation) was not sufficient to warrant a finding that the petition was not prescribed on its face. It further found that the burden of proof shifted to the plaintiffs to prove a suspension of prescription, and that the plaintiffs failed to 17meet this burden since they did not introduce any evidence at the hearing of the exception.
Since the plaintiffs in Quinn did not allege in their petition suspension by virtue of the “Road Home” litigation (either by name or description), and they did not introduce any evidence regarding the “Road Home” litigation at the prescription hearing, the specific question as to whether the “Road Home” litigation served to suspend the running of prescription on the Quinns’ claims was arguably not resolved by the court’s holding in Quinn. The question thus becomes, does the “cross-jurisdictional tolling” rule enunciated by the Supreme Court in Quinn apply only to cases that are originally filed in a foreign jurisdiction, or does it also apply to cases originally filed in a Louisiana state court but which are thereafter removed, and are pending in federal court at the time that prescription would have run under the applicable Louisiana statutory provisions.[2]
The first sentence of La. C.C.P. art. 596 provides that “[l]iberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein.” The fact that federal law allows the removal of some cases to federal court pursuant to diversity jurisdiction does not negate the validity of the first sentence of La. C.C.P. art. 596. Nor does the fact that a particular class action is removed to federal court serve to retroactively nullify an otherwise valid suspension of prescription that commenced pursuant to Article 596 when the case was originally filed in a Louisiana state |scourt. Therefore, the running of prescription on Ms. Harrison’s claim was suspended by the filing of the “Road Home” litigation in Orleans Civil District Court. The burden was upon Teachers to prove that prescription had begun to run again upon one of the triggering events provided for in Article 596.
*1059 Suspension continues pursuant to La. C.C.P. art. 596(A) “until thirty days after one of three events occurs: (1) a person elects to be excluded from the class by submitting an election form; (2) a person is excluded from the class by the redefinition or restriction of the class (and notice thereof is issued); or (3) the action is dismissed, the demand for class relief is stricken, or class certification is revoked or refused (and notice thereof issued).” Duckworth, supra, at 14, — So.3d -. “These three events are the exclusive statutory triggers for recommencing the accrual of liberative prescription on the claims of those persons described or defined in the class action petition.” Id., at 14-15, — So.3d -. Although Article 596 does not specifically mention removal to federal court as a potential manner in which the action is dismissed, removal of the case to federal court, in effect, operates as a dismissal of the matter from the state court and ends the litigation in the state court. La. C.C.P. art. 596(A)(3) provides that the running of prescription recommences when the action is dismissed only upon giving the appropriate notice to the putative class members. In light of the Supreme Court’s ruling in Quinn that Louisiana does not allow “cross-jurisdictional tolling,” the removal of a class action to federal court affects substantive rights of the putative class members, and due process dictates that they be given notice before the running of prescription recommences.
Accordingly, we find that, pursuant to the Supreme Court’s holding in Quinn, the “Road Home” litigation pending in federal court does not serve to suspend the running of prescription; however, we agree with Ms. Harrison that the original filing of the “Road Home” litigation in a Louisiana state court did, [ ¡pursuant to the plain language of La. C.C.P. art. 596, suspend the running of prescription on her claim.
This outcome is not, in our opinion, violative of the Supreme Court’s holding in Quinn that rejected “cross-jurisdictional tolling” in class action proceedings. The fact that the “Road Home” litigation is currently pending in federal court has no effect on the suspension of prescription in this matter. It was the filing of the “Road Home” litigation in state court that triggered the initial suspension of prescription. The continuation of that suspension is the result of the absence of any notice to the putative class members that the litigation was terminated in state court. It is in no way dependent upon, or effected by, the pendency of the “Road Home” litigation in federal court. Upon the removal of the case to federal court and its termination in state court, any party in that litigation could have requested that the state court issue the appropriate notice to putative class members in order to recommence the running of prescription. Teachers has introduced no evidence that such notice was given. Therefore, we find that it was error for the trial court in this matter to sustain the exception of prescription.
Ms. Harrison further contends that the filing of the “Road Home” litigation by the State of Louisiana, as partial subrogee to her rights as a recipient of a “Road Home” grant, interrupted prescription as to her claim. Having found that Ms. Harrison’s claim was not prescribed due to a suspension of the running of prescription, we pretermit any discussion on the issue of whether the bar to “cross-jurisdictional tolling” of prescription is also applicable to co-obligees pursuant to a contractual sub-rogation agreement.
CONCLUSION
The running of prescription on Ms. Harrison’s claim was suspended by the filing of the “Road Home” litigation in a Louisi *1060 ana state court. Teachers has failed 11ftto introduce any evidence that the running of prescription has recommenced. We therefore find that the trial court erred in granting the exception of prescription. We reverse that ruling and remand the matter to the trial court for further proceedings.

REVERSED AND REMANDED

. Although the "Master Consolidated” litigation was pending in federal court at the time that Ms. Harrison filed her lawsuit on July 22, 2009, the class allegations in that case had been dismissed by the court on June 16, 2009, prior to Ms. Harrison filing her lawsuit. However, she argues that her suit was timely filed within the remaining prescriptive period after prescription began to run again.

. Defendant argues that we should follow our decision in Harney v. Louisiana Citizens Property Ins. Co., 12-177 (La.App. 5 Cir. 11/27/12), 106 So.3d 193, as a basis for affirming the trial court's decision herein. In Harney, we stated that: "Since the ‘Road Home' litigation is pending in federal district court, plaintiffs by law may not rely upon that case for suspension of prescription on their claims.” Harney, at 5, 106 So.3d 193. (Emphasis added.) Although the "Road Home” litigation was in fact pending in federal district court at the time we decided Harney, the plaintiffs in Harney did not allege in their petition suspension of prescription by virtue of the "Road Home” litigation (either by name or description), and they did not introduce any evidence regarding the "Road Home” litigation at the prescription hearing; therefore, the prior procedural history of the "Road Home” litigation was not before this Court at the time that we decided Harney.